UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IRENE CHABAK, individually and on
behalf of all others similarly situated,

                Plaintiff,                        **ORDER**

v.

                                              22-CV-09341 (PMH)

SOMNIA, INC.,

                Defendant.
-------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On December 13, 2022, Plaintiff's counsel in *Carrasco v. Somnia, Inc.*, 22-CV-09535 ("*Carrasco*"), Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, filed a letter seeking a pre-motion conference in connection with, *inter alia*, its request to be appointed interim co-lead class counsel with Ben Barnow of Barnow and Associates, P.C. (the "*Carrasco* letter"). (*See* Doc. 8).

On December 21, 2022, a response letter was filed by plaintiff's counsel in *Chabak v. Somnia, Inc.*, 22-CV-09341 ("*Chabak*"), together with plaintiffs' counsel in *Polk, et al. v. Somnia, Inc.*, No. 22-CV-09549 ("*Polk*"); *Booth Harris v. Somnia, Inc., et al.*, 7:22-CV-09550 ("*Booth Harris*"); *Weiscope v. Resource Anesthesiology Associates of IL, P.C., et al.*, 22-CV-09643 ("*Weiscope*"); and *Henderson, et al. v. Somnia, Inc., et al.*, 22-CV-09960 ("*Henderson*"). Counsel in *Chabak*, *Polk*, *Booth Harris*, *Weiscope*, and *Henderson* requested appointment of James Bilsborrow of Weitz & Luxenberg P.C., John A. Yanchunis of Morgan & Morgan Complex Litigation Group and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman LLC as interim co-lead counsel; and Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC and Raina Borrelli of Turke & Strauss LLP as interim executive committee members.

1

Also on December 21, 2022, plaintiff's counsel in *Sommers v. Somnia, Inc. et al.*, 22-CV-10572 ("*Sommers*"), Jason Lichtman of Cabraser Heimann & Bernstein LLP, filed a response letter seeking appointment as interim lead counsel with Gary Klinger of Milberg Coleman Bryson Phillips Grossman and Mr. Bilsborrow as interim executive committee members.

On January 25, 2023, the Court held a pre-motion conference to discuss the pending request to consolidate and the requests for appointment of interim lead counsel. The Court consolidated, on consent of all parties, *Carrasco*, *Polk*, *Booth Harris*, *Weiscope*, *Henderson*, and *Sommers* into *Chabak* under Federal Rule of Civil Procedure 42(a). (Doc. 19). The Court also, with respect to the request for the appointment of interim lead counsel, directed counsel for all plaintiffs to meet and confer and advise the Court in a single joint letter whether they were able to agree on proposed interim lead counsel in accordance with the Court's comments on the record at the conference, and if counsel were unable to agree, the Court advised that it would treat the parties' letters as the motions themselves and deem the motions fully submitted and sub judice as of January 27, 2023. (*Id.*).

On January 27, 2023, counsel in *Chabak*, *Polk*, *Booth Harris*, *Weiscope*, *Henderson*, and *Sommers* filed a joint letter asking the Court to choose two from a group of four: Mr. Bilsborrow, Mr. Klinger, Mr. Lichtman, and Mr. Yanchunis. Counsel also highlighted, in light of the Court's comments at the January 25th conference, that all four attorneys have experience with the California-specific claims at issue and that Mr. Bilsborrow and Mr. Lichtman are New York attorneys. Counsel in *Carrasco* separately filed a letter pressing their original application for the appointment of Mr. Garber and Mr. Barnow. Mr. Garber highlighted that he is the only White Plains lawyer among all the applicants.

Federal Rule of Civil Procedure 23 ("Rule 23") requires a court to determine at an "early practicable time" whether to certify a class and, if so, to appoint class counsel. "Because representation of a putative class prior to the filing of a motion for class certification is sometimes necessary, Rule 23(g)(3) permits a court to appoint interim class counsel." *Anderson v. Fiserv, Inc.*, No. 09-CV-08397, 2010 WL 571812 at *2 (S.D.N.Y. Jan. 29, 2010).

Courts, in selecting interim class counsel, have looked to the criteria for determining the adequacy of class counsel set forth in Rule 23(g)(1)(A), which include: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *See e.g. In re Bank of Am. Corp. Secs., Derivative & ERISA Litis.*, 258 F.R.D. 260, 272 (S.D.N.Y. June 30, 2009); *In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litig.*, No. 12-CV-5696, 2013 WL 3816597, at *10-13 (E.D.N.Y. July 22, 2013).

Based upon the information provided by counsel in the competing submissions, the Court finds that all of the applicants have devoted substantial time and effort to identifying and investigating the claims raised in the seven constituent complaints. They all have significant experience with complex class action litigation including data breach litigation, all possess knowledge of the applicable law, and all would commit the necessary resources, financially and legally, to represent the class.

"[T]he court must appoint the applicant best able to represent the interests of the class." Rule 23(g)(2) (emphasis added). Considering the totality of the circumstances, selecting among the two camps, the Court concludes that Mr. Garber and Mr. Lichtman together are the appropriate choice to serve as interim co-lead class counsel.

## CONCLUSION

The Court therefore Orders that Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, and Jason Lichtman of Cabraser Heimann & Bernstein LLP, be appointed as interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g)(2).

The Consolidated Amended Complaint shall be filed within 30 days of the date of this order as previously directed by the Court.

**SO ORDERED:**

Dated: White Plains, New York
January 30, 2023

_____
PHILIP M. HALPERN
United States District Judge