# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

IRENE CHABAK, ARMANDO )
CARRASCO, RANDY POLK, KELLY )
WILSON, THOMAS BOOTH HARRIS, )
SCOTT WEISCOPE, LAVINA )
HENDERSON, JEREMY HENDERSON, )
and RAYCINE SOMMERS, *individually* )
*and on behalf of all others similarly situated*, )
        )
     Plaintiffs, )
        )
   v. )
        )
SOMNIA INC., ANESTHESIA SERVICES )
OF SAN JOAQUIN P.C., PALM SPRINGS )
ANESTHESIA SERVICES P.C., )
RESOURCE ANESTHESIOLOGY )
ASSOCIATES OF IL P.C., RESOURCE )
ANESTHESIOLOGY ASSOCIATION OF )
NM INC., and ANESTHESIA )
ASSOCIATES OF EL PASO, P.A., )
        )
     Defendants. )
        )

Case No.: 7:22-cv-9341-PMH

## ~~[PROPOSED]~~ ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement (the "Motion") of the above-captioned case (the "Action") between Plaintiffs Irene Chabak, Armando Carrasco, Randy Polk, Kelly Wilson, Thomas Booth Harris, Scott Weiscope, Lavina Henderson, Jeremy Henderson, and Raycine Sommers, individually and on behalf of the Class and California Subclass (solely as to Ms. Sommers, Ms. Wilson, and Mr. Harris), and Defendants Somnia, Inc., Anesthesia Services of San Joaquin P.C., Palm Springs Anesthesia Services P.C., Resource Anesthesiology Associates of IL P.C., Resource

Anesthesiology Association of NM Inc., and Anesthesia Associates of El Paso, P.A. ("Defendants") as set forth in the Parties' Class Action Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement"). Having duly considered the Settlement, including the proposed forms of notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause having been shown, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties.

2.    Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3.    The Motion is GRANTED.

4.    The Court hereby preliminarily approves the Settlement and the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1). The Court finds that it will likely be able to approve the Settlement under Fed. R. Civ. P. 23(e)(2) and to finally certify the Class and the California Subclass for purposes of judgment pursuant to the Settlement.

5.    The Court further finds that Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the Class and the California Subclass. The Court further finds that the Settlement is procedurally fair, the product of arm's length negotiations and comes after nearly two years of litigation and initial discovery, and a detailed investigation.

6.    The Court preliminarily finds that the Settlement relief provided—a $2,425,000 non-reversionary settlement fund—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of further litigation, trial and appeal, the alleged harm to the Class and the California Subclass, the proposed method of distributing payments to the Class and the

California Subclass, and the absence of any agreement required to be identified under Rule 23(e)(3).

7.      The Court further preliminarily finds that the Settlement is substantively fair and treats the Class and the California Subclass equitably relative to each other. The Settlement provides for payments to Claimants who can demonstrate that they suffered an Out-of-Pocket Loss that is plausibly traceable to the Security Incident and provides *pro-rata* shares to Californians and non-Californians accounting for the fact that Californians brought claims under the California Confidentiality of Medical Information Act, which includes statutory damages. The Court will assess Class Counsel's request for attorneys' fees and expenses after receiving a motion from Class Counsel supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses creates no reason not to grant the Motion and direct notice to the Class and the California Subclass.

8.      The Court hereby finds that it is likely to certify under Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e), for settlement purposes only, a "Class," consisting of:

> All natural persons residing in the United States whose Personal Information was compromised in the Security Incident.

And a "California Subclass" consisting of:

> All natural persons residing in California whose Personal Information was compromised in the Security Incident.

9.      Excluded from the Class and California Subclass are: (1) the Judge presiding over the Action, and members of his family; (2) Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded Persons.

10.     The Court preliminary finds that, for settlement purposes only, the Class and California Subclass, as defined above, is likely to meet the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (a) the Class Members and California Subclass Members are sufficiently numerous such that joinder is impracticable; (b) there are common questions of law and fact; (c) Plaintiffs' claims are typical of those of the Class Members and California Subclass Members; (d) Plaintiffs and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Class Members and California Subclass Members; and (e) for purposes of settlement, the Class and California Subclass meet the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

11.     Certification of the Class and California Subclass shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect. The Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

12.     The Court hereby designates Plaintiffs Irene Chabak, Armando Carrasco, Randy Polk, Kelly Wilson, Thomas Booth Harris, Scott Weiscope, Lavina Henderson, Jeremy Henderson, and Raycine Sommers as Class Representatives for the Class. The Court hereby designates Raycine Sommers, Kelly Wilson, Randy Polk, and Thomas Booth Harris as Subclass Representatives for the California Subclass.

13.     The Court hereby designates Lieff Cabraser Heimann & Bernstein, LLP and Finkelstein, Blankinship, Frei-Pearson & Garber LLP as Class Counsel for the Class and California Subclass.

14. The Court hereby appoints Angeion Group, LLC ("Angeion") as the Claims Administrator for the Settlement and directs Angeion to carry out all the duties and responsibilities of the Claims Administrator as specified in the Settlement and herein.

**Notice Plan**

15. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed notice and procedures set forth at Section 9 of the Agreement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits B-D to the Settlement, the proposed procedures for any Class Members and California Subclass to exclude themselves from the Class and California Subclass, and the proposed procedures for the Class and California Subclass to object to the Settlement.

16. The Court finds that the proposed notice plan—which includes (i) direct postcard notice, (ii) emailed notice, and (iii) establishing a Settlement Website at the web address of www.somniasettlement.com, where Class Members and California Subclass Members can view the full Agreement, the detailed long-form notice, and other key case documents—meets the requirements of due process under the United States Constitution and of Rule 23, and constitutes the best notice that is practicable under the circumstances, including by providing individual notice to all members who can be identified through reasonable effort. The Court further finds that the proposed form and content of the notices as set forth in Exhibits B-D are adequate and will give the Class Members and California Subclass Members sufficient information to enable them to make informed decisions as to the Settlement, including whether to object and whether to opt out. The Court finds that the notices clearly and concisely state in plain, easily understood language, *inter alia*: (a) the nature of the case; (b) the definition Class and the California Subclass; (c) the class claims and issues; (d) that the Court will exclude from the Class and California Subclass any Class member or California Subclass Member who timely and validly requests exclusion; (e) the

time and manner for requesting such exclusion; and (f) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

17.     The Court hereby directs the Parties and the Claims Administrator to implement the notice plan as set forth in the Settlement.

18.     In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendants shall promptly provide written notice of the proposed Settlement to the appropriate authorities.

19.     No later than thirty (30) days after entry of this Order (the "Settlement Notice Date"), the Claims Administrator shall substantially complete the Direct Mail Notice and Email Notice via first class mail and email to Class Members and California Subclass Members. In the event that any Notices are returned as non-deliverable, the Claim Administrator shall promptly re-mail and/or re-email any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.

20.     No later than the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated Settlement Website related to the Settlement.

*PMH*

21.     No later than ~~sixteen (16)~~ twenty-three (23) calendar days prior to the Final Approval Hearing, the Claims Administrator shall serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order, and that the CAFA Notice was served. The Claims Administrator shall likewise provide Defendants and Class Counsel with a final list of persons who submitted timely and valid requests for exclusion from the Class and California Subclass.

**<u>Claims Process</u>**

22.     Class Members and California Subclass Members shall be permitted to share in the Settlement Fund paid by Defendants only after completing and submitting a Claim Form consistent

with the form set forth in Exhibit E to the Claims Administrator pursuant to the procedures outlined in Section 10 of the Agreement. As set forth in the Agreement, the Claims Administrator shall have discretion to allow Class Members and California Subclass who submit Claim Forms with missing or errant information additional time to correct the errors and to re-submit the Claim Forms and/or Reasonable Documentation to the Claims Administrator, after being apprised of the need to do so by the Claims Administrator.

**Opt-Out and Objection Procedures**

23.     Class Members and California Subclass Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of _____, which are both sixty (60) calendar days after the Settlement Notice Date. Class Members and California Subclass may not both object and opt out. If a Class Member or California Subclass Member submits both a request for exclusion and an objection, the Request for Exclusion will be controlling.

*PMH*   12/2/2024

24.     To submit a request for exclusion (or opt-out), Class Members and California Subclass Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the request for exclusion, the Class Member or California Subclass Member must state his, her, or their full name, address, telephone number, and the telephone number he, she, or they wishes to be contacted at and must state in writing that he, she, or they wishes to be excluded from the Settlement. No Class Member or California Subclass Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member or California Subclass Member from the Class or California Subclass.

25.     If a timely and valid request for exclusion is made by a member of the Class or California Subclass, then that person will not be a Class Member or California Subclass Member,

and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

26.     All Class Members and California Subclass Members who do not elect to opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

27.     To object to the Settlement, Class Members and California Subclass Members must follow the directions in the Class Notice and file a written Objection with the Court by the Objection Deadline. In the written Objection, the Settlement Class Member or California Subclass Member must state: (1) his, her, or their full name, address, email address, and telephone number where he, she, or they may be contacted; (2) all grounds for the objection with specific legal and factual support; (3) the identity of any witnesses he, she, or they may call to testify; (4) copies of any exhibits that he, she, or they intends to introduce into evidence at the Final Approval Hearing; (5) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing the individual with respect to any objection; (6) a statement of whether he, she, or they intends to appear at the Final Approval Hearing with or without counsel; and (7) a statement as to whether the objection applies only to the objector, a specific subset of the Class or California Subclass, or the entire Class or California Subclass (or both classes). Such objection must be filed with the Court with a postmark date on or before the Objection Deadline. Any documents that the Class Member or California Subclass Member wishes the Court to consider must also be attached to the Objection. No Objection will be valid unless all of the information described above is included.

28. The right to object to this Settlement must be exercised individually by an individual Class Member or California Subclass, not by the act of another person acting or purporting to act in a representative capacity.

29. Any Class Member or California Subclass Member who has timely filed an Objection may appear at the Final Approval Hearing, either in person or through an attorney hired at Class Member's or California Subclass Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

30. Any Class Member or California Subclass Member who fails to timely file a written objection with the Court and notice of his, her, or their intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or their objections, and shall be forever barred from making any such objections in the Action. All members of the Class or the California Subclass, except those members of the Class or California Subclass who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Class or the California Subclass.

**Final Approval Hearing**

_PMH_

31. The Court will hold a Final Approval Hearing on ~~_____, 2024 at __~~ (Eastern time), [handwritten: April 28, 2025 at 2:30 p.m.] in Courtroom ~~520~~ [handwritten: TBD] at the United States District Court for the Southern District of New York at the Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse, 300 Quarropas St., White Plains, NY 10601-4150 or at such other date, time and place (including by videoconference) later set by Court Order. At the Final Approval Hearing, the Court will, among other things:

(a) determine whether the Settlement should be finally approved by the Court as fair, reasonable, and adequate, and in the best interests of the Class and the California Subclass; (b) determine whether judgment should be entered pursuant to the Settlement, dismissing this Action with prejudice and releasing all Released Claims; (c) determine whether the Class and California Subclass should be finally certified; (d) rule on Class Counsel's motion for attorneys' fees and expenses; (e) consider any properly filed objections; and (f) consider any other matters necessary in connection with the final approval of the Settlement.

32.      By no later than ~~fourteen (14)~~ twenty-one (21) calendar days prior to the Final Approval Hearing, the Parties shall file any motions for final settlement approval, including any responses to any objections that are submitted. By no later than thirty (30) calendar days prior to the Objection Deadline, Plaintiffs and Class Counsel shall file their motion for attorneys' fees, expenses, and a class representative service award. Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

33.      Only the Parties and Class Members and California Subclass Members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the Final Approval Hearing.

34.      If the Settlement, including any amendment made in accordance therewith, is not finally approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (a) any obligations to pay for any expense incurred in connection with notice and administration as set forth in the Settlement, and (b) any other obligations or provisions that are expressly designated in the Settlement to survive the termination of the Settlement.

35. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, all proceedings in this Action are hereby stayed and suspended until further order of this Court.

36. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendants, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

37. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendants or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the status quo ante in and the certification of the Class and California Subclass will be deemed vacated. The certification of the Class or California Subclass for settlement purposes, or any briefing or materials submitted seeking certification of the Class or California Subclass, will not be considered in connection with any subsequent decision in this court or on appeal.

38. Pending the final determination of whether the Settlement should be approved, any member of the Class or the California Subclass is hereby enjoined from filing any class action, or

attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement is terminated or final approval does not for any reason occur, the injunction will be immediately terminated.

Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **Settlement Notice Date** | **30 days after the Preliminary Approval Order** |
| **Last day for Plaintiffs and Class Counsel to file motion for attorneys' fees, expenses, and service awards** | **30 days after Settlement Notice Date** |
| **Last day for Class Members and California Subclass Members to Opt-Out or to Object** | **60 days after Settlement Notice Date** |
| **Last day for Class Members and California Subclass Members to file Claim Forms (excluding time set forth in the Settlement to correct errors or omissions in filed Claim Forms).** | **90 days after Settlement Notice Date** |
| **Deadline for Plaintiffs to file Motion and Memorandum in Support of Final Approval, including responses to any Objections.** | **~~14~~ 21 days before Final Approval Hearing** |
| **Final Approval Hearing** | ~~, 2024~~ April 28, 2025 |

*PMH*

SO ORDERED.

DATED:     White Plains, New York
             September 3, 2024

HON. PHILIP M. HALPERN