## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE CHABAK, ARMANDO CARRASCO, RANDY POLK, KELLY WILSON, THOMAS BOOTH HARRIS, SCOTT WEISCOPE, LAVINA HENDERSON, JEREMY HENDERSON, and RAYCINE SOMMERS, *individually and on behalf of all others similarly situated*,<br><br>        Plaintiffs,<br><br>    v.<br><br>SOMNIA INC., ANESTHESIA SERVICES OF SAN JOAQUIN P.C., PALM SPRINGS ANESTHESIA SERVICES P.C., RESOURCE ANESTHESIOLOGY ASSOCIATES OF IL P.C., RESOURCE ANESTHESIOLOGY ASSOCIATION OF NM INC., and ANESTHESIA ASSOCIATES OF EL PASO, P.A.,<br><br>        Defendants. | Case No. 7:22-cv-9341<br><br>Hon. Philip M. Halpern |

### [PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

1.      This matter having come before the Court on Plaintiffs' and Class Counsel's motion for attorneys' fees, expenses, and service awards. Having considered the motion, all exhibits and attachments thereto, the record in this matter, the brief and arguments of counsel, and the brief and arguments of any objectors to the motion, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

**I.     Attorneys' Fees**

2.     The Court finds that Class Counsel are entitled to reasonable attorneys' fees. *See, e.g.*, *Fresno Cnty. Emps.' Ret. Ass'n v. Isaacson/Weaver Fam. Tr.*, 925 F.3d 63, 70 (2d Cir. 2019).

3.     The Court finds that the percentage of the fund method of determining reasonable attorneys' fees is appropriate here, where the settlement creates a common fund. *See Fikes Wholesale, Inc. v. HSBC Bank USA, N.A.*, 62 F.4th 704, 723 (2d Cir. 2023). Class Counsel's fee request of $1,000,000 is 31.5% of the value of the Settlement Fund. The Court finds that this fee is appropriate, given the circumstances of the case. *See Lea v. Tal Educ. Grp.*, No. 18-CV-5480 (KHP), 2021 WL 5578665, at *12 (S.D.N.Y. Nov. 30, 2021) ("The percentage of the fund requests—one-third—is a percent that has been approved as reasonable in this Circuit.") (collecting cases); *In re N. Dynasty Mins. Ltd. Sec. Litig.*, No. 20-CV-5917 (TAM), 2024 WL 308242, at *15 (E.D.N.Y. Jan. 26, 2024) ("[T]he requested one-third fee in relation to the settlement . . . constitutes a proportion routinely approved as reasonable."); *Rosenfeld v. Lenich*, No. 18-CV-6720 (NGG) (PK), 2021 WL 508339, at *6 (E.D.N.Y. Feb. 11, 2021) ("[I]t is very common to see 33% contingency fees in cases with funds of less than $10 million." (citation omitted)); *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 695-96 (S.D.N.Y. 2019) (citing cases in which courts in the Second Circuit awarded a one-third fee). *See also Kristal v. Mesoblast Ltd.*, No. 7:20-CV-08430-PMH, 2022 WL 3442535, at *1 (S.D.N.Y. Aug. 15, 2022) (approving class counsel attorneys' fees of one-third of settlement fund).

4.     The Court has analyzed the reasonableness of Class Counsel's fee request, including by considering: "(1) the time and labor expended by counsel, (2) the magnitude and complexities of the litigation, (3) the risk of the litigation, (4) the quality of representation, (5) the requested fee in relation to the settlement, and (6) public policy considerations." *Goldberger*

-3-

*v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (citation omitted). First, Class Counsel have spent significant time investigating, litigating, conducting discovery, and negotiating the settlement in this case. Second, this case, like nearly all class action litigation arising from the exposure of personal information due to a data breach, was factually and legally complex, as well as significant to a large group of individuals. Third, this case entailed significant risks arising from its factual and legal complexity, as well as a significant risk of non-payment to the attorneys resulting, in part, from Defendants' finances. Fourth, Class Counsel's skills handling this complex legal and factual case support the reasonableness of their fee award. Fifth, the 31.5% requested fee here is squarely in line with fees awarded in this Circuit for cases of similar size. And, sixth, public policy considerations strongly weigh in favor of approving the requested fee to incentivize counsel to undertake similar matters and organizations like Defendants to secure the personal information of their customers.

5.   A lodestar cross-check further confirms that the requested fee is reasonable. *See Grice v. Pepsi Beverages Co.*, 363 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) ("[T]he Second Circuit encourages the practice of requiring documentation of hours as a cross check on the reasonableness of the requested percentage." (quoting, in part, *Goldberger*, 209 F.3d at 50)). Class Counsel's lodestar for work in this case through the filing of their motion is $845,832.00, representing 1,084.30 hours of attorney and law firm staff time. The Court also finds that the time Class Counsel dedicated to prosecuting this action is reasonable, and that Class Counsel's hourly rates are reasonable and in line with those prevailing in this District for similar services by lawyers of reasonably comparable skill, experience, and reputation.

6.   The Court finds that Class Counsel's fee request results in an acceptable multiplier of Class Counsel's lodestar. The 31.5% fee requested by Class Counsel reflects a

multiplier of 1.18, which falls within the range of multipliers approved by courts in the Second Circuit pursuant to lodestar cross checks of percentage-of-fund awards. *See, e.g.*, *In re Canon U.S.A. Data Breach Litig.*, No. CV-6239-AMD-SJB, 2024 WL 3650611, at *8 (E.D.N.Y. Aug. 5, 2024) (noting courts generally use a lodestar multiplier between two and six in complex class actions). Thus, the application of the lodestar multiplier cross-check supports the reasonableness of Class Counsel's requested fee.

7. For the reasons discussed above, the Court concludes that the requested fee award is reasonable, and **GRANTS** attorneys' fees to Class Counsel in the amount of $1,000,000.

## II. Litigation Expenses

8. Class Counsel are also entitled to reimbursement of reasonable out-of-pocket costs advanced for the Class. *See* Fed. R. Civ. P. 23(h); *see also, e.g.*, *Chen-Oster v. Goldman Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL), 2023 WL 7325264, at *5 (S.D.N.Y. Nov. 7, 2023). The Court finds that the expenses incurred in this litigation were reasonable and necessary to the effective representation of the Class.

9. Accordingly, the Court **GRANTS** Plaintiffs' request for reimbursement of litigation expenses in the amount of $50,294.92.

## III. Service Award for Plaintiffs

10. Service awards "often level the playing field and treat differently situated class representatives equitably relative to the class members who simply sit back until they are alerted to a settlement." *Moses v. N.Y. Times Co.*, 79 F.4th 235, 253 (2d Cir. 2023). Courts have discretion to approve service awards based upon, *inter alia*, the amount of time and effort spent. *See Sow v. City of New York*, No. 21-cv-00533 (CM) (GWG), 2024 WL 964595, at *5 (S.D.N.Y. Mar. 5, 2024).

11. The Court finds that the requested service award of $1,000 to each Plaintiff is

-5-

reasonable and appropriate. Plaintiffs communicated with Class Counsel by telephone and email in connection with their collection of documents for investigation and litigation, reviewed the pleadings, and conferred with Class Counsel regarding litigation developments and settlement.

12. This service award is also reasonable in comparison to the average recovery of class members.

13. The Court therefore concludes that the requested service award is reasonable and **GRANTS** the requested award of $1,000 to Plaintiffs Irene Chabak, Armando Carrasco, Randy Polk, Kelly Wilson, Thomas Booth Harris, Scott Weiscope, Lavina Henderson, Jeremy Henderson, and Raycine Sommers.

**IT IS SO ORDERED.**

DATED: _____, 202_

HON. PHILIP M. HALPERN