IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRENE CHABAK, ARMANDO CARRASCO, RANDY POLK, KELLY WILSON, THOMAS BOOTH HARRIS, SCOTT WEISCOPE, LAVINA HENDERSON, JEREMY HENDERSON, and RAYCINE SOMMERS, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> SOMNIA INC., ANESTHESIA SERVICES OF SAN JOAQUIN P.C., PALM SPRINGS ANESTHESIA SERVICES P.C., RESOURCE ANESTHESIOLOGY ASSOCIATES OF IL P.C., RESOURCE ANESTHESIOLOGY ASSOCIATION OF NM INC., and ANESTHESIA ASSOCIATES OF EL PASO, P.A., <br><br> Defendants. | Case No.: 7:22-cv-9341-PMH |

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF
<u>CLASS ACTION SETTLEMENT</u>**

1.  The Court having held a Final Approval Hearing on April 28, 2025, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Preliminarily Approving the Class Action Settlement, (2) Approving the Notice Proposed in the Settlement, and (3) Setting Final Approval Hearing ("Preliminary Approval Order"), and on the motion ("Motion") for final approval of the Parties' Class Action Settlement Agreement and Release (the "Settlement," Dkt. 79-1). Due and adequate notice having been given to the Class Members and California Subclass Members of the Settlement and the pending motions, as directed

by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

2. The Settlement Agreement dated August 1, 2024 including its exhibits (the "Settlement Agreement"), and the definitions of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties, Class Members, and California Subclass Members where the Class consists of:

> All natural persons residing in the United States whose Personal Information was compromised in the Security Incident.

And the California Subclass consists of:

> All natural persons residing in California whose Personal Information was compromised in the Security Incident.

4. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this Action.

5. The Court finds and concludes that Class Notice was disseminated to members of the Class and the California Subclass in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination was in compliance with this Court's Preliminary Approval Order.

6. The Court finds that such notice (a) constituted the best notice practicable under the circumstances; (b) included direct individual notice to all Class Members and California Subclass Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members and California Subclass

Members of the nature of the Action, the definition of the classes certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the classes, and the binding effect of a class judgment; (d) constituted due, adequate, and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

7. The Court hereby finds that all persons who fall within the definition of the Class and California Subclass have been adequately provided with an opportunity to exclude themselves from that class and subclass. All persons who submitted timely and valid requests for exclusion shall not be deemed Class Members or California Subclass and are not bound by this Final Approval Order. A list of those persons who submitted timely and valid requests for exclusion is attached hereto. All other persons who fall within the definition of the Class or the California Subclass are Class Members and California Subclass Members and shall be bound by this Final Approval Order and the Settlement.

8. The Court reaffirms that this Action is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

9. The Court hereby finds and concludes that the Class and California Subclass meets the requirements of numerosity, commonality, typicality, and adequacy as set forth in Rule 23(a) of the Federal Rules of Civil Procedure. The Court further finds and concludes that the Class and California Subclass meet the requirements of predominance, superiority, and manageability as set forth in Rule 23(b)(3) of the Federal Rules of Civil Procedure.

10. The Court hereby appoints Plaintiffs Irene Chabak, Armando Carrasco, Kelly Wilson, Thomas Booth Harris, Scott Weiscope, Lavina Henderson, Jeremy Henderson, Randy

Polk, and Raycine Sommers as Class Representatives for the Class. The Court hereby designates Raycine Sommers, Kelly Wilson, and Thomas Booth Harris as Subclass Representatives for the California Subclass.

11.  The Court hereby appoints Class Counsel to represent the Class and California Subclass.

12.  The Court finds that the Settlement warrants final approval pursuant to Rule 23(e)(2) because the Court finds the Settlement to be fair, reasonable, and adequate and in the best interest of the Class and California Subclass, after weighing the relevant considerations. First, the Court finds that Plaintiffs and Class Counsel have adequately represented the Class and the California Subclass and will continue to do so through Settlement implementation. Second, the Settlement was reached as a result of arm's length negotiations and comes after eighteen months of litigation (including a fully briefed motion to dismiss, initial discovery, and a detailed understanding of Defendants' finances) and a detailed and informed investigation and analysis by counsel for the Parties. Third, the Court finds that the relief proposed to be provided for the Class and California Subclass—a non-reversionary settlement fund of $2,425,000—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal, the alleged harm to Class Members and California Subclass Members, and the proposed method of distributing payments to the Class Members and California Subclass Members. Fourth, the Court finds that the Settlement treats the Class and the California Subclass equitably relative to each other. The Settlement provides for payments to Claimants who can demonstrate that they suffered an Out-of-Pocket Loss that is plausibly traceable to the Security Incident and provides *pro-rata* shares to Californians and non-Californians accounting for the fact that Californians brought

claims under the California Confidentiality of Medical Information Act, which includes statutory damages.

13. The motion is hereby GRANTED, and the Settlement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of the Class and California Subclass. The Parties and Claims Administrator are directed to consummate and implement the Settlement in accordance with its terms.

14. This Court hereby dismisses this Action, with prejudice and without leave to amend and without costs to any Party, other than as specified in the Settlement, in this Final Approval Order, and in any order(s) by this Court regarding Class Counsel's motions for attorneys' fees, expenses, and service awards.

15. In consideration of the benefits provided under the Settlement, Plaintiffs, and each Class Member or California Subclass Member who has not requested exclusion shall, by operation of this Final Approval Order, have forever released all Released Claims against all Released Parties in accordance with Section 14 of the Settlement, the terms of which section are incorporated herein by reference. The terms of the Settlement, which are incorporated by reference into this Final Approval Order, shall have res judicata and other preclusive effects as to the Released Claims as against the Released Parties. The Released Parties may file the Settlement and/or this Final Approval Order in any other litigation to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

16. Plaintiffs and each Class Member and California Subclass Member, as well as their respective assigns, heirs, executors, administrators, successors, and agents, hereby release, resolve, relinquish, and discharge each and all of the Released Parties from each of the Released Claims.

Plaintiffs and the Class Members and California Subclass Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal, or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Final Approval Order and judgment shall preclude an action to enforce the terms of the Settlement.

17. This Final Approval Order is the final, appealable judgment in the Action as to all Released Claims.

18. Without affecting the finality of this Final Approval Order in any way, this Court retains jurisdiction over: (a) implementation of the Settlement and the terms of the Settlement; (b) Class Counsel's motion for attorneys' fees, expenses, and any service awards; (c) distribution of the Settlement Fund, Class Counsel attorneys' fees and expenses, and Plaintiffs' Service Awards; and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement. The time to appeal from this Final Order and Judgment shall commence upon its entry.

19. In the event that the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Defendants.

20. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by Plaintiffs in the Action. Further, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified for any purpose. To this end, the settlement of the Action, the negotiation and execution of the Settlement Agreement, and all acts performed or documents executed pursuant to or related to the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification. Further, evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

21. In the event that any provision of the Settlement or this Order is asserted by Defendants as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Class Member or California Subclass Member

or any person actually or purportedly acting on behalf of any Class Member(s) or California Subclass Member(s), Defendants may seek an immediate stay of that suit, action, or other proceeding, which the Class Member and California Subclass Member shall not oppose, until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

22.     The Clerk of the Court is directed to enter this Order on the docket and it shall serve as final judgment forthwith.

IT IS SO ORDERED

DATED: _____, 202_

HON. PHILIP M. HALPERN